Mr. Chief Justice Oartter
delivered the opinion of the court:
Two very interesting questions are raised incident to the determination of the rights of these parties. One is whether before the plaintiff can place himself in a position for giving effect to the remedy he has sought, he must show a previous demand for the property to have been made of the defendants. The other is whether the plaintiff had parted with his property in such wise as to make it impossible for him to maintain the action of replevin as against a bona fide purchaser. Inasmuch, however, as the conclusion of the court, predicated upon the character of the transaction, makes it impossible, as we think, for the plaintiff' to recover, the question as to his having complied with the technical rules of the law, in respect to making demand of the property before bringing suit, is .postponed, although a very interesting question, until there is such a case before us as requires the settlement of it.
Bridget entered into a contract with a man by the name of Myers, in the following language :
[Here reading the agreement above stated.]
Now, upon the predicate of that undertaking and that act, Bridget brings his action of replevin against Cornish, who is the purchaser of this property from Myers for a valuable consideration, and without any notice of the rights of Bridget in the premises. He not only bought it for a bona fiile and ample consideration, but paid it and took possession of the property; and the question here is whether, as between Cornish and Bridget, Bridget has the right to demand from Cornish and recover of him the property. The determination of this question must depend upon the character of this transaction. There is no controversy over the question that a mere bailee for hire, although put in possession of property does not acquire title to it in such wise as to confer it upon a third person. Men may lease their personal property and deliver its possession and custody to the lessee, and if there are no other considerations entering into *33 the transfer, the lease confers no absolute title and the buyer purchases at the peril of his own inquiry.
If this were a transaction of that character the court would follow it with that conclusion, but we do not understand it •as such. To us it appears that this was an undertaking for sale without a reservation, or at least one where the law might protect the lien for the unpaid portion of the purchase money. The language of the instrument would indicate it simply as a change of possession for- hire, if it was ¡not qualified by payment of part of the consideration of pur. chase or the right to purchase. Here is the payment of fifty dollars mentioned in this instrument, not to say anything of the exaggerated rental reserved in the papef, all of which looked to the same result — the purchase of the property. Instead of being recited as a conditional purchase it is recited as of hire, and is declared to be a privileged purchase. Now, we think the verbiage of this paper does not change or qualify the real or substantial character of the transaction, which is nothing more or less than a conditional sale of the property with the delivery of possession. A sale for $250, with a provision for the payment of one-half -of it, and the consummation of the sale upon the payment of the other half. And if this is the correct character of the paper, if our interpretation of it be right, the plaintiff is chargeable with having transferred the property with a purpose to sell, to the custody and control of Myers, and has not provided in such a manner as the law requires, for reserving his lien upon it under the transfer.
The equity in this property passed with the possession into Myers. Fifty dollars of his money had gone into the purchase of the property, and whatever of excess over a reasonable hire went to the purchase price. Such was the purpose of the parties, and when Bridget made this instrument and transferred the property to Myers, he advertised Myers as the owner of it, as far as a bona fide purchaser for a full consideration is concerned. The presumption is that the possessor of personal property is its owner, and the world have a right to deal with him as such. They deal at their *34 peril, it is true. But where the title has been qualifiedly passed wdth the possession, and the lien upon it is not reserved according to the conditions of the statute, which requires a written incumbrance and a record of it, the vendor of the property parts with the possesssion at his peril; and if an equity in the property by purchase concurring with the possession is found with a vendor who sells in the public market to a bona fide purchaser, the sale carries title with it.
Now, this being the view' of the court of the character of this instrument, we have no hesitation in saying that the plaintiff cannot maintain this action. It is, therefore, unnecessary to pass upon the question whether demand, to maintain the right of replevin is necessary, where there has been such a conversion as will authorize recovery ; that is an interesting question, and we find the authorities of a kindred jurisdiction intiipating rather than deciding, and without any very good explanation either, that no demand is necessary in a case of a mere detention before bringing the action of replevin ; but when we look abroad into the other jurisdictions generally, we find the law the other way ; so that we have come to the conclusion to settle that question deliberately, and when it is imperatively made.
The judgment below' is reversed.